UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| ANTONIO CROSKEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-400 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| UNION SECURITY INSURANCE COMPANY, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |

This is a civil action brought by an insured for benefits under a disability insurance contract. The contract of insurance was provided through plaintiff's public employer, the Okemos Public Schools, and is therefore governed by the law of the State of Michigan, and not ERISA. Plaintiff initiated the case in the Ingham County Circuit Court, but defendant removed the case to this court by removal petition filed May 1, 2009, on the basis of complete diversity of citizenship and requisite amount in controversy. 28 U.S.C. § 1332(a). The principal issue framed by the complaint and answer is whether plaintiff is disabled within the meaning of the disability insurance contract and therefore entitled to long-term disability payments.

Presently pending before the court is defendant's motion for leave to amend its answer and to assert an omitted counterclaim. In its motion, defendant seeks to add a seventh affirmative defense, alleging the right to setoff or recoupment in an amount equal to social security disability benefits payable to plaintiff as a result of his disability. The omitted counterclaim seeks

to recover part of the benefits paid by defendant to plaintiff in the past, again on the theory that defendant is entitled under policy terms to an offset for estimated social security benefits. Plaintiff opposes the motion. Chief Judge Paul Maloney has referred the motion to me for decision pursuant to 28 U.S.C. § 636(b)(1)(A). After reviewing the submissions of the parties, I determine that oral argument would not be helpful to the court and would be an unnecessary waste of the parties' resources. *See* W.D. MICH. LCIVR 7.3(d). For the reasons set forth below, defendant's motion will be granted.

**Discussion**

Defendant's motion for leave to amend its answer and to assert a counterclaim is governed by two separate, but closely interrelated, provisions of the Federal Rules of Civil Procedure. The motion for leave to assert a seventh affirmative defense is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that a party may amend its pleading with the opposing party's written consent or by leave of court and that "the court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Defendant's motion for leave to assert an omitted counterclaim falls under Rule 13(f), which empowers the court to permit a party to amend a pleading to add a counterclaim "if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." FED. R. CIV. P. 13(f).[1]

With regard to leave to amend under Rule 15(a), the Supreme Court has made it clear for nearly five decades that the rule means what it says and that leave to amend should be granted in the absence of a good reason to the contrary. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Among

---

[1] Plaintiff argues, incorrectly, that the motion is governed solely by Rule 13(f). This ignores the request to amend the answer to assert a new affirmative defense.

the factors recognized by the Sixth Circuit as justifying denial of leave to amend under Rule 15(a) are undue delay in filing, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *See Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007); *see also Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 (6th Cir. 2008) (citing *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001)). Rule 13(f), which specifically applies to omitted counterclaims, grants the court discretion to allow assertion of a counterclaim omitted through oversight, inadvertence, excusable neglect, or "when justice so requires." Given the reliance by both rules on the broad concept of "justice," courts construing Rule 13(f) have applied a similar test, liberally granting leave to amend in the absence of a good reason not to. *See, e.g., Budd Co. v. Travelers Indem. Co.*, 820 F.2d 787, 791-92 (6th Cir. 1987); *Silvers v. TTC Indus., Inc.*, 484 F.2d 194, 198 (6th Cir. 1973); *see also Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 360-61 (S.D.N.Y. 2005) (similar policies animate both Rule 15 and Rule 13(f), which must be read together).[2]

In the present case, the court discerns no good reason to deny leave to amend. Defendant cannot be accused of acting in an untimely fashion, as the case management order (docket # 20) allows motions to amend pleadings to be filed until September 20, 2009. Defendant's motion was filed on September 8, 2009, clearly within the allotted time. Second, plaintiff has not advanced any reason to believe that he would suffer legal prejudice as a result of the amendment. The time for discovery remains open until February 20, 2010, which should allow ample time to pursue the

---

[2] Contrary to plaintiff's argument, Rule 13(f) does not always require a showing of oversight or excusable neglect. The language is in the disjunctive and is satisfied if justice requires granting leave, even in the absence of another enumerated ground.

new issues injected into the case by the amendment. If plaintiff believes, however, that additional time for discovery is necessary, the court would freely grant any reasonable request in this regard. Furthermore, the counterclaim appears to be compulsory, within the meaning of Fed. R. Civ. P. 13(a)(1), as it arises from the same transaction as plaintiff's claims. Courts are especially liberal in allowing leave to assert a compulsory counterclaim, for obvious reasons. "However, when the omitted counterclaim is compulsory, the reasons for allowing its introduction by amendment become even more persuasive, since an omitted compulsory counterclaim cannot be asserted in subsequent cases (at least in the federal courts) and the pleader will lose the opportunity to have the claim adjudicated." 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1430 at 223 (2d ed. 1990); *accord Budd Co.*, 820 F.2d at 792 n.3. In essence, denial of leave to assert a counterclaim in this instance would be tantamount to a dispositive judgment on the merits of defendant's claim.

Plaintiff also asserts that the amendment should be denied as futile. In support of the futility argument, plaintiff argues that defendant has waived its right to assert the counterclaim or its claim for recoupment or setoff. Plaintiff relies on matters outside the pleadings in support of this affirmative defense. A motion for leave to amend may be denied on grounds of futility "'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'" *Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (1986)); *accord Courie v. Alcoa Wheel & Forged Prod.*, 577 F.3d 625, 633 (6th Cir. 2009). In adjudicating a claim of futility, the court must use the standard applicable to motions to dismiss, accepting well-pleaded allegations as true and confining its inquiry to the four corners of the complaint. *See Thiokol Corp. v. Dep't of Treasury, State of Mich.*, 987

F.2d 376, 382-83 (6th Cir. 1993). Under this standard, plaintiff's strenuous argument concerning the affirmative defense of waiver is misplaced and premature. The issue before the court is whether the amendment to the answer would assert a legally valid defense and whether the proposed counterclaim would allege a plausible cause of action, not whether the new claims and defenses are supported by the facts or are subject to defeat by affirmative defenses. Plaintiff's reliance on matters outside the counterclaim to establish the affirmative defense of waiver is contrary to Sixth Circuit standards. "The test for futility, however, does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). Plaintiff, in essence, seeks to try the entire case in the context of a motion to amend, which the appellate authorities clearly do not countenance.

Defendant will therefore be granted leave to amend its answer and to assert a counterclaim. Plaintiff will be granted twenty-one days to file a reply or motion directed to the counterclaim. The grant of leave to defendant is without prejudice to plaintiff's ability to raise any valid defense to the counterclaim. If plaintiff believes that he will be prejudiced in the absence of an extension of time for discovery or other accommodation, plaintiff may seek such relief by appropriate motion.

Dated: October 16, 2009 /s/ Joseph G. Scoville
United States Magistrate Judge